# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| WORLD WIDE LOGISTICS US, INC.<br>31235 Harper Avenue, Suite 220<br>Saint Clair Shores, Michigan 48082<br><br>Plaintiff,<br><br>vs.<br><br>SURINDER TRUCKING LLC<br>1900 Eastfork Lane<br>Wylie, Texas 75098-7764<br>c/o Sumit Kumar, Registered Agent<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br><br><br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

For its complaint against Defendant Surinder Trucking LLC ("Surinder"), Plaintiff World Wide Logistics US, Inc. ("World Wide") states as follows:

## PARTIES

1. World Wide is a corporation organized and existing under the laws of the State of Michigan with its principal place of business located at 31235 Harper Avenue, Suite 220, Saint Clair Shores, Michigan.

2. Upon information and belief, Surinder is a limited liability corporation organized under the laws of the State of Michigan, with its principal place of business located at 1900 Eastfork Lane, Wylie, Texas.

3. World Wide is a transportation and logistics broker.

4. Upon information and belief, Surinder provides commercial motor transportation for compensation throughout the United States. In particular, Surinder is a motor carrier that transports commercial goods via tractor trailer throughout the United States.

## JURISDICTION VENUE AND APPLICABLE LAW

5. This Court possesses jurisdiction over the subject matter of this action because World Wide's claims arise under federal law because transportation of property by motor carrier, for compensation, from Texas to New Jersey constituted transportation in interstate commerce under 49 U.S.C. § 13102(14) & (23) and § 13501(1)(A).

6. This case is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (the "Carmack Amendment"), because this case concerns goods destroyed in transit while in the possession of the motor carrier.

7. Because this action is governed by 49 U.S.C. § 14706, and the matter in controversy for each receipt or bill of lading exceeds $10,000.00, exclusive of interest and costs, this Court has original jurisdiction over the claims under 28 U.S.C. § 1337(a).

8. Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391 and 49 U.S.C. § 14706(d)(1) because Surinder operates in this district.

## FACTS AND BACKGROUND

9. Surinder, as motor carrier, was engaged by World Wide, a broker, to transport a temperature-controlled shipment of meat (the "Goods") from the shipper, on behalf of World Wide's client, JBS USA Food Company ("JBS"), from Texas to New Jersey.

10. Surinder picked up the Goods in good condition on or about December 5, 2021 in Cactus, Texas.

11. Surinder was to deliver the Goods to US Food Services in Bridgeport, New Jersey and Quaker Valley Foods in Pennsylvania on or about December 16, 2021.

12. The Bill of Lading (the "BOL") governing the carriage of the Goods required the Goods to be transported at 28 degrees Fahrenheit.

16018930 v1

13. On or about December 12, 2021, Surinder's driver abandoned the Goods in their trailer at an unknown location.

14. The Goods were located more than one month later.

15. Because the Goods were not kept at 28 degrees Fahrenheit, there was pathogen growth on and in the Goods.

16. The Goods, being fresh meat, were unsalvageable and had to be disposed of in a landfill in Texas.

17. JBS made a Cargo Loss and Damage Claim to World Wide in the amount of $179,241.38.

18. World Wide was also forced to pay for transportation of the destroyed Goods and landfill fees for the Goods, at the cost of $2,000 and $702.16, respectively.

19. For value received and acknowledged, JBS assigned its claim to World Wide on June 24, 2022. A true and correct copy of that assignment is attached hereto as **Exhibit A**.

20. World Wide made written demands for payment to Surinder on April 7 and April 11, 2022.

21. To date, Surinder has not paid any portion of the claim.

22. To date, World Wide has incurred total damages in an amount to be proven at trial, but believed to be in excess of $181,943.54.

## COUNT ONE
*(Liability under the Carmack Amendment)*

23. World Wide adopts and incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully rewritten herein.

24. World Wide, a transportation broker, arranged for Surinder, a motor carrier, to transport the Goods for JBS from Texas to New Jersey.

16018930 v1

25. Surinder provided carrier services to JBS and World Wide, by transporting, the Goods, on or about December 5, 2021.

26. The shipment of the Goods (the "Shipment") left Texas in good order.

27. Surinder accepted the Shipment as carrier and acknowledged that the Goods were in good order. The Shipment was therefore tendered by JBS to Surinder, in good condition and without exception.

28. The Goods were abandoned, and ultimately destroyed, while in the possession of Surinder on or about December 12, 2021.

29. Due to Surinder's receipt of the Goods, and abandonment of and failure to deliver the Goods, World Wide incurred damages in an amount to be determined more fully at trial, but believed to be in excess of $181,943.54.

30. Under the Carmack Amendment, 49 U.S.C. § 14706, Surinder is liable to World Wide for an amount to be proven at trial, but believed to be in excess of $181,943.54.

**WHEREFORE**, World Wide Logistics US, Inc. respectfully prays for judgment as follows:

A. For damages related to the loss of the Goods, in an amount to be proven at trial but believed to be in excess of $181,943.54 plus reasonable attorney fees and costs;

B. For prejudgment interest to the extent permitted by law; and

C. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**OF COUNSEL:**

**BENESCH, FRIEDLANDER,**
  **COPLAN & ARONOFF LLP**

/s/ *Thomas O. Crist*
THOMAS O. CRIST (24119645)
ERIC LARSON ZALUD (pro hac vice forthcoming)
CLARE R. TAFT (pro hac vice forthcoming)
200 Public Square, Suite 2300
Cleveland, Ohio  44114-2378
(216) 363-4500; (216) 363-4588 (Fax)
tcrist@beneschlaw.com
ezalud@beneschlaw.com
ctaft@beneschlaw.com

*Attorneys for Plaintiff World Wide Logistics US, Inc.*

16018930 v1

## JURY DEMAND

Plaintiff World Wide Logistics US, Inc. hereby demands a trial by jury, by the maximum number of jurors permitted by law, on all issues so triable herein.

          Respectfully submitted,

          s/ *Thomas O. Crist*
          THOMAS O. CRIST (24119645)

**OF COUNSEL:**           ERIC LARSON ZALUD (0038959)
          CLARE R. TAFT (0076570)

**BENESCH, FRIEDLANDER,**           200 Public Square, Suite 2300
  **COPLAN & ARONOFF LLP**           Cleveland, Ohio  44114-2378
          (216) 363-4500; (216) 363-4588 (Fax)
          tcrist@beneschlaw.com
          ezalud@beneschlaw.com
          ctaft@beneschlaw.com

          *Attorneys for Plaintiff World Wide Logistics US, Inc.*