# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| WORLD WIDE LOGISTICS US, INC. ) | CASE NO. 4:22-cv-00901-SDJ-CAN |
| ) | |
| Plaintiff, ) | JUDGE SEAN D. JORDAN |
| ) | |
| vs. ) | |
| ) | |
| SURINDER TRUCKING LLC ) | |
| ) | **MOTION FOR DEFAULT** |
| Defendant. ) | **JUDGMENT** |
| ) | |

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff World Wide Logistics US, Inc. ("World Wide"), respectfully requests that the Court enter default judgment in favor of World Wide and against Defendant Surinder Trucking LLC ("Surinder") in the amount of $181,943.54, plus post-judgment interest and costs on the grounds that Surinder has failed to plead or otherwise defend this action. Pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, the Clerk of this Court recognized Surinder's failure to plead or otherwise defend this action and entered default judgment against Surinder on April 5, 2023 (Doc. 11). A memorandum in support of this motion is attached hereto and incorporated herein by reference.

20653926 v1

Respectfully submitted,

|  |  |
|---|---|
| **OF COUNSEL:**<br><br>**BENESCH, FRIEDLANDER,**<br>   **COPLAN & ARONOFF LLP** | /s/ *Thomas O. Crist*<br>THOMAS O. CRIST (24119645)<br>ERIC LARSON ZALUD (pro hac vice forthcoming)<br>CLARE R. TAFT (pro hac vice forthcoming)<br>200 Public Square, Suite 2300<br>Cleveland, Ohio 44114-2378<br>(216) 363-4500; (216) 363-4588 (Fax)<br>tcrist@beneschlaw.com<br>ezalud@beneschlaw.com<br>ctaft@beneschlaw.com<br><br>*Attorneys for Plaintiff World Wide Logistics US, Inc.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| WORLD WIDE LOGISTICS US, INC. | CASE NO. 4:22-cv-00901-SDJ-CAN |
| Plaintiff, | JUDGE SEAN D. JORDAN |
| vs. | |
| SURINDER TRUCKING LLC | |
| Defendant. | **MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |

**I.    STATEMENT OF FACTS**

Plaintiff World Wide Logistics US, Inc. ("World Wide"), filed the instant action on October 19, 2022. Defendant Surinder Trucking LLC ("Surinder") was served personally with the Complaint, with service on Surinder's Registered Agent, Sumit Kumar, on November 12, 2022. *See* Notice of Service, and accompanying Affidavit of Service, attached hereto as **Exhibit 1.** The Notice of Service was filed with this Court on December 2, 2022. To date, Surinder has not Answered or otherwise appeared in this Action or responded to World Wide's Complaint. World Wide alleges that Surinder is liable for damage to cargo transported in interstate commerce, pursuant to the Carmack Amendment. (*See* Compl.) The Clerk of this Court entered default judgment against Surinder on April 5, 2023 (Doc. 11).

Surinder, as motor carrier, was engaged by World Wide, a broker, to transport a temperature-controlled shipment of meat (the "Goods") from the shipper, on behalf of World Wide's client, JBS USA Food Company ("JBS"), from Texas to New Jersey. (Compl. ¶9.) Surinder picked up the Goods in good condition on or about December 5, 2021 in Cactus, Texas.

3

(*Id.* ¶10.) Surinder was to deliver the Goods to US Food Services in Bridgeport, New Jersey and Quaker Valley Foods in Pennsylvania on or about December 16, 2021. (*Id.* ¶11.) The Bill of Lading (the "BOL") governing the carriage of the Goods required the Goods to be transported at 28 degrees Fahrenheit. (*Id.* ¶12.) However, on or about December 12, 2021, Surinder's driver abandoned the Goods in their trailer at an unknown location, with the Goods being located more than one month later. (*Id.* ¶¶13-14.) Because the Goods were not kept at 28 degrees Fahrenheit while they were abandoned by Surinder's driver, there was pathogen growth on and in the Goods, rendering them unsalvageable and had to be disposed of in a landfill in Texas. (*Id.* ¶¶15-16.)

JBS made a Cargo Loss and Damage Claim to World Wide in the amount of $179,241.38. (*Id.* ¶17.) World Wide was also forced to pay for transportation of the destroyed Goods and landfill fees for the Goods, at the cost of $2,000 and $702.16, respectively. (*Id.* ¶18.) For value received and acknowledged, JBS assigned its claim for the destruction of the Goods to World Wide on June 24, 2022. A true and correct copy of that assignment is attached to the Complaint as **Exhibit A**. (*Id.* ¶19.)

World Wide made written demands for payment to Surinder on April 7 and April 11, 2022, with no response or payment from Surinder. (*Id.* ¶¶20-21.) To date, World Wide has incurred total damages in the amount of $181,943.54. (*Id.* ¶21; Affidavit of Shipon Howlader.[1])

## II.   LAW AND ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure provides:

> a) ENTERING A DEFAULT. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

---

[1] Shipon Howlader is President of World Wide Logistics US, Inc. (Howlader Aff. ¶1.) The Affidavit of Shipon Howlader is attached hereto as **Exhibit 2**.)

  (b) E<small>NTERING A</small> D<small>EFAULT</small> J<small>UDGMENT</small>.

  …

  (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

   (A) conduct an accounting;

   (B) determine the amount of damages;

   (C) establish the truth of any allegation by evidence; or

   (D) investigate any other matter

 A summons and a copy of the Complaint were issued via personal service to Surinder on November 12, 2022. *See* Notice of Service, attached hereto as Exhibit 1. As a result, Surinder was to respond to the Complaint on or before December 5, 2022. *See* Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. However, Surinder has failed to plead or otherwise respond to the Complaint by such time, or at any time thereafter.

 Surinder is not an infant, and, upon information and belief, not incompetent or in the military service. Accordingly, pursuant to Federal Rule 55, World Wide is entitled to a default judgment against Surinder. *To wit*, the Clerk of this Court entered default against Surinder on April 5, 2023. As indicated above, Lawler is entitled to a default judgment against Surinder in the amount of $181,943.54, plus post-judgment interest and costs. A Proposed Order is granting this Motion is attached.

                                      Respectfully submitted,

|  |  |
|---|---|
| **OF COUNSEL:** | /s/ *Thomas O. Crist* |
|  | THOMAS O. CRIST (24119645) |
| **BENESCH, FRIEDLANDER,** | ERIC LARSON ZALUD (pro hac vice forthcoming) |
| **COPLAN & ARONOFF LLP** | CLARE R. TAFT (pro hac vice forthcoming) |
|  | 200 Public Square, Suite 2300 |
|  | Cleveland, Ohio  44114-2378 |
|  | (216) 363-4500; (216) 363-4588 (Fax) |
|  | tcrist@beneschlaw.com |
|  | ezalud@beneschlaw.com |
|  | ctaft@beneschlaw.com |
|  | |
|  | *Attorneys for Plaintiff World Wide Logistics US, Inc.* |

20653926 v1

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed electronically on the 19th day of April, 2023 in accordance with the court's electronic filing guidelines. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's filing system. Notice was also sent via certified mail to:

SURINDER TRUCKING LLC
1900 Eastfork Lane
Wylie, Texas 75098-7764
c/o Sumit Kumar, Registered Agent

/s/Thomas O. Crist
*One of the Attorneys for Plaintiff*

20653926 v1