IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WORLD WIDE LOGISTICS US, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-00901-SDJ-AGD |
| SURINDER TRUCKING LLC | § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the court is Plaintiff World Wide Logistics US, Inc.'s Motion for Default Judgment (Dkt. #13). Having considered Plaintiff's Motion, and all other relevant pleadings, the court recommends that the Motion for Default Judgment (Dkt. #13) be **GRANTED**.

## BACKGROUND

*Factual History*

Defendant Surinder Trucking LLC is a motor carrier that was hired by Plaintiff to transport a temperature-controlled shipment of meat from Texas to New Jersey (Dkt. #13 at p. 3). According to Plaintiff, Defendant picked up the shipment in Texas on December 2, 2021 (Dkt. #13 at p. 3). The bill of lading required the shipment to be kept at 28 degrees Fahrenheit (Dkt. #13 at p. 3). However, on or about December 12, 2021, Defendant abandoned the shipment in its trailer at an unknown location (Dkt. #13 at p. 4). Plaintiff located the shipment more than one month later (Dkt. #13 at p. 4). As a result, Plaintiff alleges that it had to pay its client $179,241.38 for the loss of the shipment, $2,000 for transportation of the spoiled shipment, and $702.16 in landfill fees for a total of $181,943.54 in damages (Dkt. #13 at p. 4).

*Procedural History*

On October 19, 2022, Plaintiff initiated this lawsuit by filing a Complaint against Defendant Surinder Trucking LLC (Dkt. #1). Summons was issued on that same date (Dkt. #3). On December 2, 2022, summons was returned as executed for Defendant, representing that Defendant was served on November 12, 2022 (Dkt. #6). The deadline to answer or otherwise respond for Defendant was December 5, 2022 (Dkt. #6). On December 28, 2022, the court directed Plaintiff to move for default or dismissal as to Defendant (Dkt. #7). On the same day, Plaintiff filed a Motion for Default Judgment (Dkt. #8). On March 22, 2023, the court issued a Report and Recommendation denying Plaintiff's Motion for Default Judgment because Plaintiff had not secured a clerk's entry of default (Dkt. #9). However, on April 5, 2023, Plaintiff secured a clerk's entry of default (Dkt. #10; Dkt. #11). Accordingly, the court withdrew its Report and Recommendation and ordered that Plaintiff's Motion for Default Judgment (Dkt. #8) be denied as moot (Dkt. #14). On April 19, 2023, Plaintiff properly filed the present Motion for Default Judgment (Dkt. #13).

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. FED. R. CIV. P. 55. Securing a default judgment involves a three-step procedure: (1) the defendant's default; (2) the entry of default; and (3) the entry of default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" occurs when the defendant does not plead or otherwise respond to the complaint. *Id.* An "entry of default" is the notation the clerk makes after the default is established by affidavit. *Id.*

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes omitted); *see AAR Supply Chain Inc. v. N & P Enters., LLC*, No. 3:16-CV-2973, 2017 WL 5626356, at *1 (N.D. Tex. Nov. 22, 2017) (explaining that default judgments "are available only when the adversary process has been halted because of an essentially unresponsive party") (citation and internal quotation marks omitted). While "[t]he Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments," this policy "is 'counterbalanced by considerations of social goals, justice, and expediency, a weighing process that lies largely within the domain of the trial judge's discretion.'" *Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. v3:12-CV-2092-M, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013) (cleaned up) (quoting *Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 936 (5th Cir. 1999)). Rule 55(b)(2) grants district courts wide latitude in this determination, and the entry of default judgment is left to the sound discretion of the trial court. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). And even though entry of a default judgment is reviewed for abuse of discretion, *Sindhi v. Raina*, 905 F.3d 327, 331 (5th Cir. 2018), because of "the seriousness of a default judgment, . . . even a slight abuse of discretion may justify reversal." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63 n.1 (5th Cir. 1992) (brackets omitted) (quoting *Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 734 (5th Cir. 1984)).

## ANALYSIS

In this case, because Defendant has not answered or otherwise appeared and because Plaintiff obtained an entry of default, Plaintiff has met the first two requirements for a default judgment. Thus, the only remaining issue is whether a default judgment is warranted. *N.Y. Life Ins. Co.*, 84 F.3d at 141. Courts in the Fifth Circuit utilize a three-part test to determine whether a

default judgment is appropriate: (1) whether the entry of default is procedurally warranted, (2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and (3) what form of relief, if any, a plaintiff should receive. *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (citations omitted). Applying this framework, the court finds that default judgment is appropriate.

*Whether Default Judgment is Procedurally Warranted*

The court must first determine whether default judgment is procedurally warranted. The Fifth Circuit in *Lindsey* recognized six factors relevant to the inquiry of whether default judgment is procedurally warranted:

> whether material issues of fact exist; whether there has been substantial prejudice; whether the grounds for default are clearly established; whether the default was caused by a good faith mistake or excusable neglect; the harshness of a default judgment; and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). After reviewing Plaintiff's motion and all other relevant filings, the court finds that default judgment is procedurally warranted because the grounds for default are established, Defendant will not be substantially prejudiced, and there is no evidence of a good faith mistake by Defendant.

### Material Issues of Fact

There are no material issues of fact present in this case. In the event of default, a defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal citations omitted). Here, because Defendant did not answer Plaintiff's complaint or otherwise appear, Defendant admits Plaintiff's well-pleaded allegations of fact, except regarding damages, as explained below. Therefore, there are no material issues of fact.

### Substantial Prejudice or Harsh Result

Entry of default judgment would not be harsh or result in substantial prejudice to Defendant. Defendant did not answer Plaintiff's amended complaint or otherwise appear. Further, Defendant received ample notice of the suit: Plaintiff filed its complaint on March 29, 2022 (Dkt. #1), and summons was returned executed on December 2, 2022 (Dkt. #6). And, taking the well-pleaded facts as true, Plaintiff has asserted a valid cause of action. *Lindsey*, 161 F.3d at 893. Furthermore, Plaintiff properly requested entry of default in its favor on May 5, 2023 (Dkt. #11). Thus, a default judgment is not unusually harsh because Defendant has had ample opportunity to respond after receiving notice of this action.

Moreover, because Defendant's failure to file responsive pleadings "threatens to bring the adversary process to a halt," Plaintiff has experienced prejudice "in pursuing its rights afforded by law." *Ins. Co. of the W. v. H&G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011) (citation omitted); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-cv-4194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (citation omitted). Accordingly, the record supports a finding that a default judgment would not be harsh or result in substantial prejudice.

### Grounds for Default Judgment

The grounds for default judgment are clearly established. Default occurs when a defendant fails to plead or otherwise respond to the amended complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. The record indicates that Plaintiff perfected service of process on Defendant on November 12, 2022 (Dkt. #6). Therefore, Defendant was required to serve an answer to the amended complaint or otherwise respond. However, as of this date, Defendant has not answered or filed any responsive

pleadings to the request for entry of default or the present motion for default judgment. When a defendant's failure to respond is "plainly willful, as reflected by [a defendant's] failure to respond to either summons and complaint, the entry of default, or motion for default," then grounds for default are clearly established. *Graham*, 2017 WL 2600318, at *2 (alteration in original) (citation omitted). Thus, the court finds that the grounds for default against Defendant are clearly established.

**Excusable Neglect or Good Faith Mistake**

The record reflects that Defendant did not default due to excusable neglect or a good faith mistake. Again, Plaintiff properly served Defendant (Dkt. #6). Defendant did not respond, nor did they offer evidence that the unresponsiveness was due to a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Further, nothing in the record indicates that Plaintiff has contributed to the delay of this action or otherwise given the court any reason to set aside the clerk's entry of default. Accordingly, Plaintiff has met the procedural requirements for default judgment.

*Basis for Default Judgment in the Pleadings*

After establishing that default is procedurally warranted, the court must determine if there is a sufficient basis for judgment. *Nishimatsu*, 515 F.2d at 1206. Although Defendant, at this stage, is deemed to have admitted the allegations set forth in the amended complaint, the court must review the pleadings to determine whether the amended complaint presents a sufficient basis for relief. *Id.* The Fifth Circuit "draw[s] meaning from the caselaw on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (citation omitted). "Rule 8(a)(2) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting

REPORT AND RECOMMENDATION – Page 6

FED. R. CIV. P. 8(a)(2)). Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted)). This "low threshold" pleading standard "is less rigorous than that under Rule 12(b)(6)." *Cunningham v. Crosby Billing Servs., Corp.*, No. 4:18-CV-00043-ALM-CAN, 2018 WL 6424792, at *4 (E.D. Tex. Oct. 14, 2018).

### Liability of Defendant

Plaintiff's Complaint seeks recovery under the Carmack Amendment (Dkt. #1 at pp. 3–4). The Carmack Amendment statutorily limits recovery for damage to the property itself as well as imposes "liability upon the carrier for all reasonably foreseeable consequential damages resulting from a breach of the contract of carriage, including those resulting from nondelivery of the shipped goods as provided by the bill of lading." *Air Prods. & Chems., Inc. v. Ill. Cent. Gulf R.R. Co.*, 721 F.2d 483, 485 (5th Cir. 1983) (citations omitted). To establish a prima facie case for recovery under the Carmack Amendment, a plaintiff must demonstrate "(1) the delivery of goods in good condition to the carrier; (2) receipt by the shipper of less goods or damaged goods; and (3) the amount of damages." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013). "If the shipper establishes a prima facie case, there is a rebuttable presumption of negligence." *Id.* However, the Carmack Amendment also incorporates common law principles for calculation of damages. *Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 552–3 (5th Cir. 2005).

Accepting Plaintiff's allegations as true, Defendant is liable to Plaintiff under the Carmack Amendment. First, Plaintiff alleges that Defendant "picked up the Goods in good condition on or

REPORT AND RECOMMENDATION – Page 7

about December 5, 2021 in Cactus, Texas." (Dkt. #1 at p. 2). As such, the first element of a prima facie Carmack Amendment case is met. Next, Plaintiff alleges that the shipment was destroyed after Defendant "abandoned the Goods in their trailer at an unknown location." (Dkt. #1 at p. 3). It follows that the shipper did not receive the shipment, and instead was required to pay for its disposal (Dkt. #1 at p. 3). Accordingly, the second and third elements of a prima facie case of Carmack Amendment liability are met. Therefore, accepting Plaintiff's allegations as true, Defendant is liable to Plaintiff under the Carmack Amendment.

*Form of Relief*

"A defendant's default concedes the truth of the allegations of the [c]omplaint concerning the defendant's liability, but not damages." *Ins. Co. of the W.*, 2011 WL 4738197, at *4 (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002)). A hearing or detailed affidavits establishing the facts necessary to award damages are usually required unless the amount of damages is capable of mathematical calculation by reference to the pleadings and supporting documents. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Here, Plaintiff requests damages in the amount of $181,943.54, attorneys' fees and costs, and prejudgment interest (Dkt. #1 at p. 4; Dkt. #8, Exhibit 2, at p. 4). The court finds that Plaintiff's submitted affidavit is sufficiently detailed such that the court can determine the damages award without a hearing.

Plaintiff alleges that it had to pay its client $179,241.38 for the loss of the shipment, $2,000 for transportation for the spoiled shipment, and $702.16 in landfill fees for a total of $181,943.54 in damages (Dkt. #8, Exhibit 2, at p. 4). The court finds that Plaintiff is entitled to $181,943.54 in damages plus prejudgment and post judgment interest. The court will consider Plaintiff's request for attorneys' fees and costs upon further briefing at a later date.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Plaintiff's Motion for Default Judgment (Dkt. #13) be **GRANTED**. It is further recommended that Plaintiff be awarded a default judgement in the amount of $181,943.54 plus prejudgment and post judgment interest.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 14th day of March, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE